**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-95-HAB |
| | ) | |
| JASON SANDY | ) | |

**OPINION AND ORDER**

During the October 29, 2020, telephonic status conference in this matter, the Court asked the parties to address the application of U.S.S.G. § 2K2.1(b)(6)(B). The Government filed its brief on November 12, 2020, and Defendant filed his brief on November 24, 2020. Having reviewed the PSR, the Government's evidence, and the arguments of the parties, the Court concludes that the four-level enhancement applies.

**A.     Factual Background**

On September 23, 2019, Defendant met with a confidential informant (who told Defendant he/she was a convicted felon) to sell a handgun and a small quantity of marijuana. The transaction was successful: Defendant sold a Taurus .45 cal. handgun and fifteen grams of marijuana. After the deal was complete, Defendant offered to sell the CI an additional .357 cal. revolver that Defendant had on him during the deal. The CI declined, but the two agreed to meet the next day to complete an additional sale of firearms and marijuana. In all, three controlled buys were made from Defendant where firearms and small amounts of marijuana were sold to the CI.

On October 11, 2019, a search warrant was executed at Defendant's residence. During the search, Defendant had a recorded conversation with ATF Task Force Officer Caleb Anderson. Defendant stated that he never had guns until he was robbed and shot by a former friend. He then embarked on a cycle where he would buy guns for his own protection, given the nature of his

"business," and then sell the guns when he became paranoid that he would be caught with them (Defendant had a prior felony conviction). Defendant initially admitted that he would carry firearms with him during drug sales for protection. Later, Defendant denied carrying firearms with him except for the sales he made to the CI.

**B.     Legal Discussion.**

United States Sentencing Guideline § 2K2.1(b)(6)(B) provides for a four-level increase in a base offense level if the defendant:

> used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

The Commentary states that the enhancement should apply "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively." U.S.S.G. §2K2.1, cmt. n. 14(A). The enhancement can be applied regardless of whether the defendant was charged or convicted of the other offense. *United States v. Sandidge*, 784 F.3d 1055, 1062 (7th Cir. 2015). The Government bears the burden of proving the applicability of the enhancement by a preponderance of the evidence. *Id*.

"Mere contemporaneous possession while another felony is being committed is not necessarily sufficient, and possessing a gun while engaged in the casual use of drugs might not give rise to the inference that the gun was possessed in connection with the drugs." *United States v. Briggs*, 919 F.3d 1030, 1032 (7th Cir. 2019). However, where firearms are in close proximity to illegal drugs for sale there is "powerful support for the inference that the firearm was used in connection with the drug trafficking operation." *United States v. Meece*, 580 F.3d 616, 621 (7th Cir. 2009). These two authorities demonstrate the clear line that the Seventh Circuit has drawn:

guns near drug use does not give rise to an inference that the enhancement applies, while guns near drug distribution does.

Here, the Court is satisfied that the PSR and the recorded interview support the application of the enhancement. The PSR is clear that, during the September 23, 2019, controlled buy, Defendant was armed with a .357 revolver. (ECF No. 51 at 5). While it is true that Defendant offered to sell the revolver, this was only after the planned guns-and-drugs transaction had occurred. Accordingly, as the Government notes, the revolver had the potential to facilitate the felonious transaction. *Cf. United States v. Seymour*, 739 F.3d 923, 931 (6th Cir. 2014) (only attempted transaction at issue involved the defendant trying to sell his handgun).

Defendant counters the PSR by claiming, for the first time, that the PSR contains inaccurate information. Instead of a .357 revolver, Defendant claims that he had a *picture* of a .357 revolver. (ECF No. 58 at 4). There are at least two problems with this argument. First, as Defendant recognizes, he has the burden of proving that the PSR is inaccurate or unreliable. *United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008). The Court does not believe that the statements of counsel, made in a sentencing brief, meet that burden. In addition, Defendant has not requested an evidentiary hearing. Thus, the Court does not find the PSR to be inaccurate and will accept its factual findings.

Second, Defendant's claim is contradicted by his earlier statements. At approximately 35:25 into Government's Exhibit 1 (ECF No. 57) (the recorded interview with TFO Anderson), Defendant states that he did not arm himself during drug deals except for his dealings with the CI. If, as he now claims, he only brought a picture of a revolver to the transaction, this statement makes no sense. The Court finds Defendant's statement against interest to TFO Anderson more reliable

than the arguments of counsel. As such, the Court finds that the enhancement properly applies to the September 23, 2019, transaction.

The controlled buys aside, Defendant admitted to being armed during other drug sales at approximately 20:30 into Government's Exhibit 1. He began arming himself after being shot during a robbery connected to his drug dealing. Defendant's own words, then, place guns in proximity of, and for the purposes of protecting himself during, drug trafficking. This creates "powerful support" for the application of the enhancement.

Defendant attempts to rebut this inference by claiming that the guns were not to protect his drug sales, but instead "were acquired for protection from the threat of violence from an individual he previously thought was a trusted friend," i.e., the individual that shot him during the robbery. (ECF No. 58). But Defendant had no need for protection from this person. That individual, Travon Fincher, was arrested on murder charges connected to the shooting on September 11, 2018, more than a year prior to the interview with TFO Anderson. There is a presumption against bail on murder charges in Indiana, Ind. Const. Art. I, § 17, *Fry v. State*, 990 N.E.2d 429 (Ind. 2013), and there is no indication that Fincher overcame that presumption. *See* Allen County, Indiana, Superior Court Cause No. 02D05-1809-MR-16. Fincher was found guilty on all charges and sentenced to one hundred twenty years' imprisonment in March of this year.[1] *Id*. Defendant did not need to fear Fincher at the time of his interview with TFO Anderson or, as a result of Fincher's sentence, at any time for the remainder of this century.

After listening to Defendant's interview, it is clear to the Court that Defendant did not fear Fincher. Instead, he feared that someone like Fincher would attempt to commit the same crimes

---

[1] The information related to Fincher's prosecution is not in the record. The Court accessed it through Indiana's court web portal, mycase.in.gov.

4

against him that Fincher committed. The guns may very well have been for Defendant's protection, then, but only in the context of his drug sales. The enhancement is appropriate and will be applied.

The Court is mindful that, given the relatively small amounts of marijuana that Defendant dealt and the trauma he suffered due to his shooting, a four-level enhancement to Defendant's sentence is harsh. However, that is an argument the Court can consider in its § 3553(a) analysis. At this point, the Court has an obligation to correctly calculate the applicable guidelines range. *United States v. Pankow*, 884 F.3d 785, 793 (7th Cir. 2018). Application of the enhancement in § 2K2.1(b)(6)(B) fulfills that obligation.

**C.     Conclusion**

For the foregoing reasons, the Court finds that the four-level enhancement in U.S.S.G. § 2K2.1(b)(6)(B) should be applied to Defendant's base offense level. The probation officer is ORDERED to prepare a revised presentence investigation report reflecting this change.

SO ORDERED on December 16, 2020.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT